### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARMANE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No: 20-cv-2580-JWB-TJJ |
| VALU MERCHANDISERS, CO., | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Plaintiff Charmane Smith, proceeding pro se, has filed a civil action identifying Valu Merchandisers, Co., as Defendant. Plaintiff claims that Defendant's vitamin supplement caused her hospitalization and blindness in one eye.

In conjunction with the filing of her civil complaint, Plaintiff filed a Motion to Proceed Without Prepayment of Fees (ECF No. 3) under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). The Court granted that motion, but ordered that service of the summons and complaint be withheld pending review of whether Plaintiff's complaint states a claim upon which relief may be granted.

The *in forma pauperis* statute requires that the court dismiss the case at any time if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[1] The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the

---

[1] 28 U.S.C. § 1915(e)(2)(B).

costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[2]

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint is analyzed by the court under the same sufficiency standard as a Rule 12(b)(6) motion to dismiss.[3]  Dismissal of a pro se complaint for failure to state a claim is proper only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[4]  In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[5]

In making this analysis, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[6]  Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read thepleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[7]  This does not mean, however,

---

[2] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (citation and internal quotation marks omitted).

[3] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).

[4] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (citation and internal quotation marks omitted).

[5] *Id.* (citation omitted).

[6] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006) (citation omitted).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

that the court must become an advocate for the pro se plaintiff.[8]  *Sua sponte* dismissal under § 1915(e)(2) is also proper when the complaint clearly appears frivolous or malicious on its face.[9]

Plaintiff's complaint is wholly devoid of any factual allegations supporting her claims. She alleges that the Court has diversity jurisdiction over her claims because she is a citizen of Tennessee and Defendant is incorporated in Kansas.  Coupled with her claim for damages that far exceeds $75,000,[10] these allegations are adequate to assert jurisdiction.  But then Plaintiff alleges that her claims are for "toxic tort, negligence, strict, and product liability."[11]  And for her statement of claim, the entirety of Plaintiff's allegations are as follows: "The Defendant's Vitamin Supplement, 'Best Choice Vitamin B-3 Niacin 100 mg,' caused me to be hospitalized and left me blinded in one eye."[12]  These allegations are conclusory and do not provide Defendant with adequate notice of the claims against it.[13]  In federal court, a complaint must contain sufficient facts that, if assumed true, state a facially-plausible claim[14]—something that

---

[8] *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[9] *Hall*, 935 F.2d at 1108.

[10] Plaintiff's itemized damages total $49,500,000.00.

[11] ECF No. 1, at 3.

[12] *Id.*

[13] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247–50 (10th Cir. 2008) (stating that a complaint must allege facts that "raise a right to relief above the speculative level," must suffice to "nudge[ ] [the] claims across the line from conceivable to plausible," and must "make clear exactly *who* is alleged to have done *what* to *whom*" (citation and internal quotation marks omitted)); *Hall*, 935 F.2d at 1110 (explaining "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can based" and specifying that a plaintiff must provide adequate facts for the court to "determine whether he makes out a claim").

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that

Plaintiff's threadbare allegations do not accomplish.

Notable for their absence from Plaintiff's complaint are allegations of when and where Plaintiff purchased and ingested the vitamin supplement and whether Defendant manufactured, distributed, or sold the vitamin supplement at issue.  The Court cannot determine Defendant's role in causing Plaintiff's injuries, what tortious acts Plaintiff alleges that Defendant took, or even when Plaintiff was injured.[15]  Plaintiff alleges simply that the vitamin supplement was "Defendant's" and that the vitamin supplement harmed her.

Plaintiff's allegations are insufficient.  Without supporting facts, it is impossible for this Court to determine that Plaintiff has a plausible claim against Defendant.[16]  Indeed, Plaintiff has not even offered the Court enough facts to determine whether it would be futile to amend.  And Plaintiff has shown herself capable of providing detail in other areas of her complaint; she attached a sheet of paper itemizing 15 categories and 8 subcategories of damages, in detail. Plaintiff simply did not give the facts underlying her claims the same attention.

Accordingly, the undersigned U.S. Magistrate Judge recommends that Plaintiff's complaint and this case be **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

---

this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[15] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center,* 492 F.3d 1158, 1163 (10th Cir. 2007) (summarizing the requirements for a plaintiff to state a claim in federal court as the following: "a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated").

[16] *See Iqbal,* 556 U.S. at 678.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Plaintiff is hereby informed that, within 14 days after being served with a copy of this Report and Recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the Report and Recommendation.  Plaintiff must file any objections within the 14-day period allowed if she wants to have appellate review of the recommended disposition.  If Plaintiff does not timely file objections, no court will allow appellate review.

A copy of this Report and Recommendation shall be mailed to Plaintiff.

IT IS SO ORDERED.

Dated November 23, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge