IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARMANE SMITH,

    Plaintiff,

v().    Case No. 20-2580-JWB

VALU MERCHANDISERS, CO.,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for relief from judgment (Doc. 10) pursuant to Fed. R. Civ. P. 60(b). On January 10, 2021, this court adopted the report and recommendations (Doc. 6) of Magistrate Judge Teresa J. James and dismissed Plaintiff's complaint for failure to state a claim upon which relief can be granted. (Doc. 7.) Accordingly, the court entered judgment against Plaintiff. (Doc. 8.)

Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Turning to the merits, Plaintiff requests the court to set aside the judgment and reinstate the case. Plaintiff argues fraud on the court based on an alleged forged signature and conspiracy to obstruct justice. "When alleging a claim of fraud on the court, the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996). Fraud

on the court occurs when the fraud "is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002). Importantly, allegations of fraud that did not affect the decision from which relief is sought are insufficient to establish fraud on the court. *Szczygiel v. Rice*, No. 06-3037-JTM, 2009 WL 413367, at *2 (D. Kan. Feb. 18, 2009).

Plaintiff first alleges "that a dishonest clerk, case manager, and/or judicial clerk, entered a false judgment of dismissal with a forged typewriter signature (not handwritten), in violation of" Title 18 U.S.C. § 505. (Doc. 10.) However, it is not fraud to use an electronic signature on a judgment. Plaintiff further alleges a "conspiracy to pervert the course of and to obstruct justice by the clerk office by willfully and unlawfully failing to have the summons and complaint served by the U.S. Marshal Service." (*Id.*) This is not fraud. Magistrate Judge James, in her report and recommendation adopted by this court, explained that "Plaintiff's complaint is wholly devoid of any factual allegations supporting her claims" and as such directed the U.S. Marshals Service to withhold service of summons and the complaint. (Doc. 6 at 3.) This is not a conspiracy but rather what Judge James was required to do under the law. This court is required to dismiss a case that is filed without the payment of fees if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(a)(1). In that regard, because the complaint was subject to dismissal, it would be a "waste of judicial...resources" to serve summons on Defendant. *See Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (citation omitted). Finally, Plaintiff attempts to argue excusable neglect "due to the appearance and assumption of impropriety" as the reason for not filing a timely objection to Judge James' report and recommendation. (Doc. 10.) Plaintiff's bald assertion offers nothing for the court to examine.

Accordingly, Plaintiff's motion for relief from judgment (Doc. 10) is DENIED.

IT IS SO ORDERED this 18th day of March, 2021.

          ___s/ John Broomes_____
          JOHN W. BROOMES
          UNITED STATES DISTRICT JUDGE